UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LARRY BRANDON BENGE, )
)
        Plaintiff, )
)
v. ) No. 1:10-cv-01165-TWP-DML
)
EDWIN G. BUSS, et al., )
)
        Defendants. )

**Entry and Order Directing Dismissal of Action**

For the reasons explained in this Entry, the complaint filed by Larry Benge fails to state a claim upon which relief may be granted and must be dismissed.

**Discussion**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

Because Benge is a prisoner, his complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Benge is an inmate at an Indiana prison and alleges that because he is in segregation at that prison he his prohibited from attending the law library. Benge asserts that because of this policy he will not be able to develop briefs in support of his pending action for habeas corpus relief. Benge seeks injunctive relief.

Benge's action is brought pursuant to 42 U.S.C. § 1983. "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

A claim alleging denial of access to the law library must be analyzed under the more general right of access to the courts. *See Bounds v. Smith,* 430 U.S. 817, 825 (1977). Such a right "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell,* 418 U.S. 539, 579 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 510 (1972); *Taylor v. Sterrett,* 532 F.2d 462, 470-72 (5th Cir. 1976).

There is no "abstract free-standing right to a law library or legal assistance." *Lewis v. Casey,* 116 S. Ct. 2174, 2179 (1996). "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

Benge describes prejudice based on the briefs he apparently believes that he could file in the habeas action if he had access to the prison law library and which he does not anticipate being able to file in the absence of such access. The prejudice thus becomes the forecast of unsuccessful (from his standpoint) habeas litigation rather than successful habeas litigation. His description of this prejudice, however, is speculative. The court is aware that the habeas action to which Benge makes reference is pending in this court as No. 1:10-cv-1063-JMS-DML. An order to show cause has been issued in that case. No response to that order has yet been filed. The petition itself does not relate any incompleteness on account of Benge's circumstances in segregation. Benge has not filed a motion for appointment of counsel in the habeas case, although 18 U.S.C. § 3006A permits the court to appoint counsel for habeas applications at public expense in certain circumstances. The court is confident that any reasonable accommodation to Benge will be made based on his *pro se* status and any other pertinent circumstances.

Speculative prejudice is not prejudice as required by *Lewis*. Without prejudice having been identified in the complaint, it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

Benge's motion for service by United States Marshal (dkt 3) and motion for temporary restraining order (dkt 4) are **denied as moot**.

**IT IS SO ORDERED.**

Date: 09/23/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana